# Exhibit A

# Complaint

Electronically Filed
5/5/2022 10:14 AM
Steven D. Grierson
CLERK OF THE COURT

1 **COMJD**
Christian Gabroy, Esq. (#8805)

2 Kaine Messer, Esq. (#14240)
GABROY | MESSER

3 The District at Green Valley Ranch
170 South Green Valley Parkway

4 Suite 280
Henderson, Nevada 89012

5 Tel (702) 259-7777
Fax (702) 259-7704

6 christian@gabroy.com
kmesser@gabroy.com

7 *Attorneys for Plaintiff Latisha Owens*

CASE NO: A-22-852151-C
Department 32

8 **DISTRICT COURT**

9 **CLARK COUNTY, NEVADA**

10 LATISHA OWENS, an individual;

11 Plaintiff,

12 vs.

13 LOWE'S HOME CENTERS, LLC; DOES I-X; and ROE CORPORATIONS XI-XX, inclusive,

14

15 Defendants.

Case No.:
Dept. No.:

**COMPLAINT WITH JURY DEMAND**

16

17 **COMPLAINT**

COMES NOW Plaintiff Latisha Owens ("Plaintiff" or "Owens") by and through her

18 attorneys, Christian Gabroy, Esq. and Kaine Messer, Esq. of Gabroy | Messer, and

19 hereby complains against Defendant Lowe's Home Centers, LLC ("Defendant" or

20 "Lowe's") as follows:

21 **VENUE AND JURISDICTION**

22 1. This is a civil action for damages under state law prohibiting unlawful

23 employment actions and to secure the protection of and to redress deprivation of rights

24 under these laws.

25 2. This Court has jurisdiction over all claims arising under Nevada law.

26 3. All alleged unlawful employment actions occurred in this judicial district.

27 4. Venue is proper because Plaintiff is a resident of Clark County, Nevada, and

28

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

1  the acts complained of took place in Clark County, Nevada and Plaintiff makes no claims

2  that arise under federal law.

3       5.    Plaintiff demands a jury trial on all issues triable by jury herein.

4  **THE PARTIES**

5       6.    At all times relevant, Plaintiff was a resident of Clark County, Nevada.

6       7.    Plaintiff is informed and believes and thereon alleges that at all times

7  relevant, Defendant Lowe's is a Foreign Limited-Liability Company registered with the

8  Nevada Secretary of State.

9       8.    Defendant Lowe's was doing business in this Judicial District in Clark

10  County, Nevada where the subject unlawful employment practices occurred.

11       9.    At all times relevant, Defendant was Plaintiff's employer.

12       10.    Based on information and belief, at all relevant times, Defendants were the

13  partners, joint ventures, agents, co-conspirators, servants, and employees of each of the

14  other Defendants herein, and were acting at all relevant times within the scope, purpose

15  and authority of said partnership, joint venture, agency, service, employment, and

16  conspiracy, and with the knowledge, consent, permission, acquiescence, and ratification

17  of their co-defendants.

18       11.    DOE DEFENDANTS I-X, inclusive, are persons and ROE DEFENDANTS

19  XI-XX, inclusive, are corporations or business entities (collectively referred to as

20  "DOE/ROE DEFENDANTS"), whose true identities are unknown to Plaintiff at this time.

21  These DOE/ROE DEFENDANTS may be parent companies, subsidiary companies,

22  owners, predecessor or successor entities, or business advisors, de facto partners,

23  Plaintiff's employer, those holding control over Plaintiff's employment, those allegedly

24  responsible for the allegations contained herein, or joint venturers of Defendant.

25  Individual DOE DEFENDANTS are persons acting on behalf of or at the direction of any

26  Defendant or who may be officers, employees, or agents of Defendant and/or a ROE

27  CORPORATION or a related business entity. These DOE/ROE DEFENDANTS were

28  Plaintiff's employer(s) and/or individuals and are liable for Plaintiff's damages alleged

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

herein for their unlawful employment actions/omissions. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE/ROE DEFENDANTS are revealed to Plaintiff.

## PROCEDURAL REQUIREMENTS

12.     Plaintiff has satisfied all administrative and jurisdictional requirements necessary to maintain this lawsuit.

13.     On or about December 3, 2020, Plaintiff timely filed her charge of discrimination with the Nevada Equal Rights Commission ("NERC"). A true and correct copy of Plaintiff's charge of discrimination is attached hereto as Exhibit I. Such allegations of Exhibit I are hereby incorporated herein this Complaint.

14.     On or about March 31, 2022, NERC issued Plaintiff a Notice of Right to Sue. *See* a true and correct copy of Plaintiff's right to sue attached hereto as Exhibit II.

## FACTUAL ALLEGATIONS

### Marijuana Legalization in Nevada

15.     In the 1998 and 2000 general election, Nevada voters approved of an initiative petition for the use of marijuana for medical purposes by Nevadans, and the amendment was added to Nevada's Constitution in 2000.

16.     It is clear and explicit public policy of the State of Nevada as embodied in our state constitutional framework and other laws that the people of Nevada, including but not limited to Plaintiff, shall have the right to marijuana as directed, conditioned, or restricted by the Legislature.

17.     Nev. Const. art. IV, § 38 provides the "legislature shall provide by law for the use by a patient, upon the advice of his physician, of a plant of the genus Cannabis for the treatment or alleviation of severe, persistent…chronic or debilitating medical conditions."

18.     Since 2001, the Nevada legislature has approved the medical use of marijuana, expressing: "…the State of Nevada as a sovereign state has the duty to carry out the will of the people of this state and to regulate the health, medical practices

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

1  and well-being of those people in a manner that respects their personal decisions

2  concerning the relief of suffering through the medical use of marijuana…"

3      19.     There are no Nevada laws regulating the post-employment use of drug

4  and alcohol testing by private employers currently in effect.

5      20.     Thus, Defendant is the exclusive author of all policies and procedures

6  regarding its drug screenings and drug testing.

7      21.     In 2016, the sale and consumption of marijuana for recreational use was

8  legalized in Nevada.

9      22.     NRS § 453D.110 codified the legalization of recreational marijuana within

10  Nevada.

11      23.     Pursuant to NRS § 453D.110 and Nev. Const. art. IV, § 38, the

12  consumption of marijuana products is legal and exempt from prosecution.

13      24.     Additionally, in June 2019, Nevada solidified its commitment to preventing

14  employers from being able to discriminate against employees for legal marijuana use

15  by passing AB132, now codified as NRS § 613.132, making it unlawful for employers to

16  fail to hire prospective employees because a screening test indicates the presence of

17  marijuana.

18      25.     NRS § 613.132 complements existing Nevada law, NRS § 613.333, which

19  was already in place to prevent employers from discriminating against employees for

20  lawful use of any product outside of an employer's premises.

21      26.     Nevada has made clear its position on the lawful use of marijuana by and

22  through the passage of multiple laws, including those regulating what employers can

23  and cannot do when its employees engage in the lawful use of the product.

24                              **Owens' Employment with Lowe's**

25      27.     Upon information and belief, Defendant represents to the general public

26  that "celebrating our differences and valuing every associate makes all of us better."

27      28.     Upon information and belief, Defendant represents to the general public

28  that it "[f]oster[s] an inclusive culture that celebrates our differences and recognizes

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

diversity of all kinds as our strength. It allows us to better serve our customers and better support the communities we serve."

29.     In or around September 2016, Plaintiff began working as a part-time Cashier for Defendant.

30.     At all times relevant, Plaintiff was an exemplary employee.

31.     At all times relevant, Plaintiff lived with and was the caretaker for her 94-year-old grandmother.

32.     On or about April 5, 2020, Plaintiff was injured in the course and scope of her employment.

33.     Plaintiff was injured on our about April 5, 2020 at work through no fault of her own.

34.     Plaintiff was hit hard in the head with a metal rod or pole held by a customer.

35.     The hit primarily made contact with her eye and the left-hand side of her forehead.

36.     Plaintiff was previously diagnosed with a pituitary tumor in 2000, and underwent surgery to have it removed in 2002.

37.     As a result of the tumor, Plaintiff suffers chronic headache pain.

38.     In March 2020, Plaintiff received Botox injections to assist with the chronic headaches, which helped drastically.

39.     However, the April 5, 2020 injury exacerbated her chronic pain and the pain mitigation of the Botox injections was rendered moot.

40.     On or about April 7, 2020, Plaintiff was required to take a post-accident drug test, as mandated by Defendant.

41.     For approximately two years, and in accordance with Nevada law allowing for recreational use of marijuana, Plaintiff had used edible cannabis at night to help her sleep.

42.     The chronic pain she suffered otherwise hindered Plaintiff's sleep when not

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

1   aided with cannabis.

2       43.   On or about April 7, 2020, Plaintiff filled out a C-4 Worker's Compensation

3   form. *See* a true and correct copy of the C-4 Worker's Compensation form attached

4   hereto as Exhibit III.

5       44.   Plaintiff's Worker's Compensation claim was accepted on or about April 17,

6   2020.

7       45.   Plaintiff was regularly visiting Concentra for her workplace injury, and was

8   placed on "No Activity" until April 27, 2020, due to her head injury.

9       46.   On or about April 18, 2020, Plaintiff received a phone call from Quest

10  Diagnostics, the company that had administered her drug test, to inform her she tested

11  positive for marijuana.

12      47.   On April 27, 2020, Plaintiff was placed on restricted duty, not to work longer

13  than six (6) hours in one shift.

14      48.   On or about April 27, 2020, Plaintiff returned to work for Defendant.

15      49.   On or about May 1, 2020, Plaintiff was released to full duty from her doctor.

16      50.   On or about May 4, 2020, Plaintiff received a letter from Defendant,

17  confirming that a position as Cashier was available to her as a "temporary position."

18      51.   This letter was sent to Plaintiff a week after she had actually gone back to

19  work.

20      52.   The letter stated "Your temporary position will be Cashier and your start

21  was April 27, 2020."

22      53.   The letter concluded by stating, "Please contact [store manager] to confirm

23  you will be returning to work."

24      54.   At this time, Plaintiff had already returned to work as normal and had been

25  released to full duty.

26      55.   Plaintiff continued to work as normal after receiving this letter.

27      56.   On or about May 7, 2020, Plaintiff worked a full shift from approximately 7

28  a.m. to approximately 3 p.m.

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

57.     At the end of her shift, Plaintiff was told Defendant's Human Resources department ("HR") wished to see her.

58.     Upon visiting HR, she was brought to the store manager's office.

59.     On or about May 7, 2020, Defendant verbally stated to Plaintiff that the reason for the termination was due to Plaintiff's drug test showing positive for marijuana.

60.     In reality, Plaintiff was terminated in retaliation for her Worker's Compensation Claim, in violation of Nevada's well-established public policy against such termination.

61.     Plaintiff was terminated in violation of the NRS § 613.330, *et seq*.

62.     Plaintiff was terminated in violation of NRS § 613.333, *et seq*.

63.     Plaintiff was terminated in violation of NRS § 613.340, *et seq*.

64.     Defendant failed to provide Plaintiff a reasonable accommodation for her disability.

65.     Defendant failed to engage in the interactive process.

**FIRST CLAIM FOR RELIEF**
**TORTIOUS DISCHARGE**
**PUBLIC POLICY OF PROTECTING EMPLOYEES WHO PURSUE WORKERS' COMPENSATION CLAIMS**

66.     Plaintiff realleges and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

67.     On or about April 5, 2020, Plaintiff was in the course and scope of her employment when she was injured as a result of a work-related incident occurring during her shift.

68.     Plaintiff filed a workers' compensation form on or about April 7, 2020.

69.     Plaintiff exercised her rights by filling out a workers' compensation form on or about April 7, 2020.

70.     Plaintiff was released back to work full-duty on or about May 1, 2020.

71.     At all times relevant, Plaintiff was in compliance with Defendant's work performance expectations.

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

72.     On or about May 7, 2020, Plaintiff was terminated.

73.     As a result of Plaintiff's unlawful termination on May 7, 2020, Plaintiff was damaged.

74.     Defendant terminated Plaintiff for reasons that violate Nevada's public policy against terminating Plaintiff for pursuing and filing a Workers' Compensation Claim.

75.     Defendant tortiously terminated Plaintiff for her pursuit and filing of her lawful Workers' Compensation Claim.

76.     Defendant's proffered reasons for terminating Plaintiff were pretextual.

77.     Defendant's decision to discharge Plaintiff was proximately caused by Plaintiff pursuing and/or filing her workers' compensation claim and was in derogation of the public policy of the State of Nevada.

78.     As a proximate result of Defendant's tortious discharge of Plaintiff, Plaintiff has suffered general, special, and consequential damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

79.     Defendant's acts and/or omissions were fraudulent, malicious, or oppressive under NRS § 42.005.  Pursuant to NRS § 42.005 Plaintiff is entitled to an award of punitive damages.

80.     It was necessary for Plaintiff to retain the services of an attorney to file this action which entitles Plaintiff to an award of reasonable attorneys' fees and costs in this suit.

81.     As a result of the conduct of Defendant, as set forth herein, Plaintiff has sustained damages including, but not limited to, attorneys' fees and costs for the prosecution, legal advice, and representation herein.

82.     Plaintiff was forced to retain the services of attorneys to prosecute this matter.

83.     Plaintiff seeks recovery of her attorneys' fees, costs, and expenses.

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

1

2

**SECOND AND THIRD CLAIM FOR RELIEF**
**DISABILITY DISCRIMINATION / HARASSMENT / RETALIATION: NRS 613.330 NRS**
**613.340 *et seq*.**

3     84.    Plaintiff realleges and incorporates by this reference all the paragraphs

4     above in this Complaint as though fully set forth herein.

5     85.    As set forth more fully above, Defendant retaliated against Owens after

6     she engaged in protected activity, in good faith, and in violation of our law.

7     86.    There exists a temporal proximity in relation to Owen's engagement in

8     protected activity and Owens' resulting termination.

9     87.    At all times relevant, Plaintiff was a qualified individual under NRS §

10    613.310 in that Plaintiff was an individual with a disability who has a physical

11    impairment that substantially limits one or more major life activities, has a record of such

12    impairment, and/or was a person who was regarded as having an impairment or

13    disability.

14    88.    Owens had a physical impairment that met the requirement under NRS

15    613.310.

16    89.    Defendant was aware of Owens's medical condition.

17    90.    Plaintiff is, and at all times was, qualified for her position.

18    91.    Owens, with or without reasonable accommodation, could perform the

19    essential functions of her job.

20    92.    Although Defendant could have reasonably accommodated Owens'

21    disability, Owens was terminated in violation of Nevada law.

22    93.    Defendant failed to engage in the interactive process with Owens as

23    alleged herein. Defendant further discriminated, harassed, and/or retaliated against

24    Owens in violation of Nevada law.

25    94.    The acts and/or omissions of Defendant and its agents complained of

26    herein are in violation of NRS 613.330 and 613.340 *et seq.*

27    95.    As a direct and proximate result of Defendant's unlawful activity, Owens

28    has sustained damages.

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

96.     As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

97.     Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

### FOURTH CLAIM FOR RELIEF
### NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

98.     Plaintiff realleges and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

99.     Defendant had a duty to exercise reasonable care to protect Plaintiff from negligent and/or careless actions of its own agents, officers, employees, and others.

100.    Defendant owed a duty to Plaintiff to not hire individuals with a propensity towards committing unlawful acts against Plaintiff.

101.    Defendant owed a duty to Plaintiff to adequately train and supervise its employees in regards to all correct policies and procedures relating to medical leave, absence, and/or termination policies and procedures.

102.    Defendant breached its duty to protect Plaintiff by failing to properly hire, train, and/or supervise their employees, whereby a reasonable person could have foreseen the injuries of the type Plaintiff suffered would likely occur under the circumstances.

103.    As a direct and proximate cause of the foregoing conduct, Plaintiff suffered harm including loss of income and benefits, severe emotional distress including but not limited to great mental and emotional harm, anguish, anxiety, insecurity, damage to self-esteem and self-worth, shame and humiliation, lack of appetite, and loss of sleep and/or anxiety.

104.    As a result of Plaintiff's termination on May 7, 2020, Plaintiff was damaged

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

1   herein under this cause of action.

2       105.   Plaintiff has been forced to retain the services of an attorney to represent

3   her in this action and, as such, in entitled to reimbursement for reasonable attorneys'

4   fees and costs.

5                       **FIFTH CLAIM FOR RELIEF**
    **UNLAWFUL EMPLOYMENT PRACTICES: DISCRIMINATION FOR LAWFUL USE OF**
6   **ANY PRODUCT OUTSIDE PREMISES OF EMPLOYER WHICH DOES NOT**
    **ADVERSELY AFFECT JOB PERFORMANCE OR SAFETY OF OTHER EMPLOYEES**
7                       **NRS § 613.333, *et seq.***

8       106.   Plaintiff realleges and incorporates by this reference all the paragraphs

9   above in this Complaint as though fully set forth herein.

10      107.   At all times relevant, the parties herein are subject to the provisions of

11  NRS § 613.333, *et seq.,* entitled "Unlawful Employment Practices: Discrimination For

12  Lawful Use Of Any Product Outside Premises Of Employer Which Does Not Adversely

13  Affect Job Performance Or Safety Of Other Employees."

14      108.   Defendant discriminatorily terminated Plaintiff, because she engaged in

15  the lawful use of marijuana to manage her chronic pain outside the premises of the

16  Defendant during her non-working hours.

17      109.   Such non-working hours/offsite use of marijuana does not adversely

18  affect either Plaintiff's ability to perform her job or the safety of other employees.

19      110.   At no time did Plaintiff work for Defendant under the influence of

20  marijuana.

21      111.   By engaging in the practices mentioned herein, Defendant violated NRS §

22  613.333, *et seq*.

23      112.   Pursuant to NRS § 613.333(2), Plaintiff is entitled to any wages and

24  benefits lost as a result of the Defendant terminating Plaintiff and an order directing the

25  employer to reinstate Plaintiff's employment.

26      113.   Additionally, pursuant to NRS § 613.333(3), Plaintiff is entitled to

27  reasonable costs, including court costs and attorneys' fees.

28

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

### SIXTH CAUSE OF ACTION
**TORTIOUS DISCHARGE/PUBLIC POLICY/ DISCRIMINATION, PERCEIVED OR REAL, REGARDING MARIJUANA/INVASION OF PRIVACY**

114.    Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

115.    Defendant terminated Plaintiff for reasons which violate public policy including, but not limited to, Nevada's public policy against discriminating against an individual for perceived or lawful use of marijuana outside of an employer's place of business during the employee's non-working hours.

116.    Defendant further terminated Plaintiff for reasons which violate public policy including, but not limited to, Nevada's public policy protecting the right to privacy. Defendant's actions/omissions constituted invasion of Plaintiff's right of privacy and Plaintiff was damaged.

117.    Plaintiff was subject to such unlawful test. Defendant's actions/omissions intentionally intruded, physically or otherwise, upon the solitude or seclusion of Plaintiff's private affairs or concerns.

118.    Defendant's testing, administration and use of the drug test constituted an invasion of privacy sufficient to breach public policy. *See Hennessey v. Coastal Eagle Point Oil Co.*, 609 A.2d 11, 19 (N.J. 1992); *see also Anderson v. Ruppco Inc.*, No. 48037, 2009 WL 1490992, at *3 (Nev. Jan. 27, 2009) (Order of Reversal and Remand) (concluding that Nevada's public policy protects the right to privacy).

119.    The intrusion was highly offensive.

120.    As a proximate result of Defendant's acts and or omissions, Plaintiff has suffered general, special, and consequential damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

121.    The acts and/or omissions of Defendant was fraudulent, malicious, or oppressive under NRS § 42.005.

122.    Pursuant to NRS § 42.005, Plaintiff is entitled to an award of punitive damages.

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

123.   It was necessary for Plaintiff to retain the services of an attorney to file this action, which entitles Plaintiff to an award of reasonable attorneys' fees and costs in this suit.

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

1.   For general damages in excess of $15,000.00;

2.   For special damages;

3.   For consequential damages;

4.   For punitive damages; and,

5.   For such other and further relief as the Honorable Court may deem just and proper.

DATED this 5th day of May 2022.

GABROY | MESSER

By   */s/ Christian Gabroy*
Christian Gabroy, Esq. (#8805)
Kaine Messer, Esq. (#14240)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson Nevada 89012
Tel    (702) 259-7777
Fax    (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff*

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

EXHIBIT I

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | 1204-20-0445LSO<br>34B-2021-00055 |

| | Nevada Equal Rights Commission | | and EEOC |
|---|---|---|---|
| | *State or local Agency, if any* | | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Latisha Owens | (702) 934-1634 | 1972 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7601 West Charleston Blvd. #40, Las Vegas, NV 89117 | |

Named Is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| LOWE'S HOME CENTERS, LLC | 500 or More | (702) 934-1630 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2875 Charleston Blvd, Las Vegas, NV 89104 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| [ ] RACE | [ ] COLOR | [ ] SEX | [ ] RELIGION | [ ] NATIONAL ORIGIN |
|---|---|---|---|---|
| [ ] RETALIATION | [ ] AGE | [X] DISABILITY | [ ] GENETIC INFORMATION | |
| [ ] OTHER *(Specify)* | | | | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **04-05-2020**     Latest **05-07-2020**

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

The Respondent discriminated against me due to my disability. I was discharged. I filed my Intake Inquiry Form with the intent to file a Charge of Discrimination against the Respondent with the Nevada Equal Rights Commission on August 26, 2020.

I was hired by the Respondent on September 7, 2016 as a Cashier. I remained in this position until my discharge on May 7, 2020.

On or about April 5, 2020, I sustained an on-the-job injury which exacerbated my disability.

On April 7, 2020, I filed for Worker's Compensation and the Respondent instructed me to be seen by the Worker's Compensation doctor and to be drug tested. Approximately two weeks later, I received information regarding my disability and was also advised that I tested positive for marijuana (THC). It should be noted

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT     Received NERC |
| 11-30-2020          *Latisha Owens*<br>Date                      Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 2020 *(month, day, year)*<br><br>Las Vegas, NV |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | [X] FEPA | 1204-20-0445LSO |
| | | [X] EEOC | 34B-2021-00055 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

that due to my disability, I ingested "CBD/THC gummies" at night to help me sleep.

On or about April 27, 2020, I was released to return to work with modified duties in order to accommodate my disability.

On May 7, 2020, the Respondent informed me that I was being discharged due to having a positive drug test result (marijuana).

I believe the Respondent's actions violated Nevada State Law.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 11-30-2020    *Latisha Owens* | |
| Date             Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Received at NERC
DEC 0 3 2020
Las Vegas, NV

# EXHIBIT II



NEVADA EQUAL RIGHTS
COMMISSION

STEVE SISOLAK
Governor

ELISA CAFFERATA
Director

KARA M. JENKINS
Administrator

March 31, 2022

Kaine Messer, Esq.
GABROY LAW OFFICES
The District At Green Valley Ranch
170 S. Green Valley Pkwy., Ste 280
Henderson, NV 89012 **via email only**

RE:    Latisha Owens    vs    Lowe's Home Centers, LLC
          NERC No. 1204-20-0455LSO

Dear Mr. Messer:

On March 15, 2022, you and your client were notified that the Nevada Equal Rights Commission was unable to substantiate your client's allegations of discrimination and were provided fifteen (15) days to seek reconsideration of this decision.  As you or your client have not sought reconsideration, her case has been closed.

**Right-to-Sue Notice:  This letter constitutes your client's State Right-to-Sue Notice.**

Please be advised that the NERC's adverse determination does <u>not</u> preclude you or your client from filing a lawsuit in state court pursuant to Nevada Revised Statutes (NRS) 613.420.

Section 613.420 of the Nevada Revised Statutes provides in part:  "If the Nevada Equal Rights Commission does not conclude that an unfair employment practice . . . has occurred, the Commission shall issue a right-to-sue notice. . . the person alleging such a practice has occurred may bring a civil action in district court not later than 90 days after the date of receipt of the right-to-sue notice…"

NRS 613.430 provides the following timeframes to file in state court, "No action authorized by NRS 613.420 may be brought more than 180 days after the date of the act complained of or more than 90 days after the date of the receipt of the right-to-sue notice…whichever is later.  When a complaint is filed with the Nevada Equal Rights Commission, the limitation provided by this section is tolled as to any action authorized by NRS 613.420 during the pendency of the complaint before the Commission."

Latisha Owens vs Lowe's Home Centers, LLC
NERC No. 1204-20-0445LSO
Page 2 of 2

If you have any further questions regarding your case, your client should consult with a private attorney for specific legal advice.

Sincerely,

*Darrell K. Harris*

Darrell K. Harris
Chief Compliance Investigator

cc: Latisha Owens

**NRS  233.190   Confidentiality of information.**
1.   Except as otherwise provided in this section or NRS 239.0115, any information gathered by the Commission in the course of its investigation of an alleged unlawful discriminatory practice in housing, employment or public accommodations is confidential.
2.   The Commission may disclose information gathered pursuant to subsection 1 to:
(a)  Any governmental entity as appropriate or necessary to carry out its duties pursuant to this chapter; or
(b)  To any other person if the information is provided in a manner which does not include any information that may be used to identify the complainant, the party against whom the unlawful discriminatory practice is alleged or any person who provided information to the Commission during the investigation.
3.   Except as otherwise provided in subsection 4, the Commission shall disclose information gathered pursuant to subsection 1 to the complainant and the party against whom the unlawful discriminatory practice is alleged if:
(a)  Each has consented to such disclosure; or
(b)  The Commission has determined to conduct a hearing on the matter or apply for a temporary restraining order or an injunction or an action has been filed in court concerning the complaint.
4.   The Commission may not disclose to the complainant or the party against whom the unlawful discriminatory practice is alleged:
(a)  Any information obtained during negotiations for a settlement or attempts at mediating or conciliating the complaint.
(b)  Any investigative notes or reports made by the Commission.
(c)  Any information that may be used to identify a person who provided information to the Commission during the investigation and who has requested anonymity.
5.   Except as otherwise provided in this section or NRS 239.0115, if the Commission's attempts at mediating or conciliating the cause of the grievance succeed, the information gathered pursuant to subsection 1 must remain confidential.
6.   If the Commission proceeds with a hearing or applies for injunctive relief, confidentiality concerning any information, except negotiations for a settlement or attempts at mediating or conciliating the cause of the grievance, is no longer required.
(Added to NRS by 1977, 1606; A 2003, 1330; 2007, 2080)

EXHIBIT III

**EMPLOYEE'S CLAIM FOR COMPENSATION/REPORT OF INITIAL TREATMENT**
**FORM C-4**
PLEASE TYPE OR PRINT

**EMPLOYEE'S CLAIM – PROVIDE ALL INFORMATION REQUESTED**

| First Name | M.I. | Last Name | Birthdate | | Claim Number (Insurer's Use Only) |
|---|---|---|---|---|---|
| Latisha | A. | Owens | | Sex ☐ M ☑ F | |

| Home Address | | Age 48 | Height 58 | Weight 165 | Social Security Number |
|---|---|---|---|---|---|

| City | State | | Telephone | |
|---|---|---|---|---|

| Mailing Address | City | State | Zip | Primary Language Spoken |
|---|---|---|---|---|
| Same as above | | | | English |

| INSURER | THIRD-PARTY ADMINISTRATOR | Employee's Occupation (Job Title) When Injury or Occupational Disease Occurred |
|---|---|---|
| Medicare | | |

| Employer's Name/Company Name | Telephone |
|---|---|
| Lowes | 702-380-0065 |

Office Mail Address (Number and Street)

| Date of Injury (if applicable) | Hours Injury (if applicable) | Date Employer Notified | Last Day of Work After Injury or Occupational Disease | Supervisor to Whom Injury Reported |
|---|---|---|---|---|
| 4-5-2020 | am 2-3 pm | 4-5-2020 | 4-5-2020 | Tonya & Alberto |

Address or Location of Accident (if applicable)
2875 E. Charleston Blvd.   (garden center)

What were you doing at the time of the accident? (if applicable)
Working

How did this injury or occupational disease occur? (Be specific and answer in detail. Use additional sheet if necessary)
Hit in head with a medal yard stick

If you believe that you have an occupational disease, when did you first have knowledge of the disability and its relationship to your employment?

Witnesses to the Accident (if applicable)
N/A

| Nature of Injury or Occupational Disease | Part(s) of Body Injured or Affected |
|---|---|
| left forehead & eye | forehead & eye |

I CERTIFY THAT THE ABOVE IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND THAT I HAVE PROVIDED THIS INFORMATION IN ORDER TO OBTAIN THE BENEFITS OF NEVADA'S INDUSTRIAL INSURANCE AND OCCUPATIONAL DISEASES ACTS (NRS 616A TO 616D, INCLUSIVE OR CHAPTER 617 OF NRS). I HEREBY AUTHORIZE ANY PHYSICIAN, CHIROPRACTOR, SURGEON, PRACTITIONER, OR OTHER PERSON, ANY HOSPITAL, INCLUDING VETERANS ADMINISTRATION OR GOVERNMENTAL HOSPITAL, ANY MEDICAL SERVICE ORGANIZATION, ANY INSURANCE COMPANY, OR OTHER INSTITUTION OR ORGANIZATION TO RELEASE TO EACH OTHER, ANY AND ALL OF OTHER INFORMATION, INCLUDING BENEFITS PAID OR PAYABLE, PERTINENT TO THIS INJURY OR DISEASE, EXCEPT INFORMATION RELATIVE TO DIAGNOSIS, TREATMENT AND/OR COUNSELING FOR AIDS, PSYCHOLOGICAL CONDITIONS, ALCOHOL OR CONTROLLED SUBSTANCES, FOR WHICH I MUST GIVE SPECIFIC AUTHORIZATION. A PHOTOSTAT OF THIS AUTHORIZATION SHALL BE AS VALID AS THE ORIGINAL.

| Date 4-7-2020 | Place Concentra - Paradise | Employee's Signature Latisha Owens |
|---|---|---|

**THIS REPORT MUST BE COMPLETED AND MAILED WITHIN 3 WORKING DAYS OF TREATMENT**

| Place | Name of Facility |
|---|---|
| Las Vegas | Concentra Medical Centers - Paradise |

| Date 4/7/2020 | Diagnosis and Description of Injury or Occupational Disease | Is there evidence that the injured employee was under the influence of alcohol and/or another controlled substance at the time of the accident? |
|---|---|---|
| Hour 1530 | Head Injury Concussion Syndrome | ☑ No ☐ Yes (if yes, please explain) |

Treatment:
Finished CT Scan

X-Ray Findings:
Facial bone ⊖ (−)

Have you advised the patient to remain off work five days or more?
☑ Yes  Indicate dates: from 4/7 to 4/9
☐ No  If no, is the injured employee capable of: ☐ full duty ☐ modified duty

If modified duty, specify any limitations/restrictions:
Elm 4/9/2020

From information given by the employee, together with medical evidence, can you directly connect this injury or occupational disease as job incurred? ☑ Yes ☐ No

Is additional medical care by a physician indicated? ☑ Yes ☐ No

Do you know of any previous injury or disease contributing to this condition or occupational disease? ☐ Yes ☑ No (Explain if yes)

| Date 4/7/2020 | Print Doctor's Name: MR Patel MD | I certify that the employer's copy of this form was mailed to the employer on: |
|---|---|---|

Address 3900 Paradise Road, Ste V

| City Las Vegas | State NV | Zip 89169 | Provider's Tax I.D. Number 75-2014828 | Telephone 702-369-0560 | INSURER'S USE ONLY |
|---|---|---|---|---|---|

Doctor's Signature ___   Degree MD